

## NUMBER 13-17-00474-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

ROBERT LEE ALEXANDER LEATHERWOOD,           **Appellant,**

**v.**

THE STATE OF TEXAS,           **Appellee.**

### On appeal from the 36th District Court
### of Aransas County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Contreras, and Hinojosa
### Memorandum Opinion by Justice Rodriguez

Appellant Robert Lee Alexander Leatherwood was indicted for possession of marijuana in an amount of five pounds or less, but more than four ounces, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(3) (West, Westlaw through 2017 1st C.S.). Pursuant to a plea agreement, the trial court deferred adjudication and placed Leatherwood on community supervision for two years. The

State filed a second motion to revoke, and Leatherwood pleaded true to the allegations in the motion. After the trial court found that Leatherwood violated the conditions of his community supervision, it revoked Leatherwood's community supervision and found him guilty of the charged offense. The court sentenced Leatherwood to eighteen months in the State Jail Division of the Texas Department of Criminal Justice, with 297 days of credit for time served. Determining that the record does not show any arguable, non-frivolous issue to raise on appeal, counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof. We affirm.

## I. COMPLIANCE WITH *ANDERS*

Pursuant to *Anders v. California*, Leatherwood's counsel filed a brief stating that he has diligently reviewed the entire record and the applicable law and, in his opinion, this appeal is without merit and wholly frivolous because the record reflects no reversible error. *See* 386 U.S. 738, 744–45 (1967). Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why counsel believes there are no meritorious grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App.1991) (en banc).

2

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 318–19 (Tex. Crim. App. 2014), counsel has demonstrated that he has complied with the requirements of *Anders* by discussing why he has determined that, under controlling authority, any appeal from the judgment would be without merit and frivolous. Counsel has also informed this Court, in writing, that he has: (1) notified Leatherwood that, in his opinion, the appeal is without merit; (2) moved to withdraw as his counsel; (3) provided Leatherwood with a copy of the brief, his motion to withdraw, and the record; (4) informed Leatherwood of his right to file a pro se response,[1] to review the appellate record preparatory to filing that response, and to seek discretionary review pro se if the court of appeals concludes that the appeal is frivolous; and (5) provided Leatherwood with a form motion for pro se access to the appellate record, with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318–19; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.

On December 21, 2017, Leatherwood filed a timely pro se motion for access to the appellate record, requesting thirty days from the date he received the appellate record to file a pro se response. We granted the motion. The record shows that Leatherwood was provided access to a copy of the clerk's record on January 11, 2018 and to a copy of the reporter's record on January 18, 2018. More than an adequate time has passed,

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

and Leatherwood has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II.     INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. We affirm the judgment of the trial court.

## IV.     MOTION TO WITHDRAW

In accordance with *Anders*, Leatherwood's attorney has asked this Court for permission to withdraw as counsel for Leatherwood. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion to withdraw that was carried with the case on December 19, 2017. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of

the opinion and the judgments to Leatherwood and to advise him of his right to file a petition for discretionary review.[2]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of March, 2018.

---

[2] No substitute counsel will be appointed.   Should Leatherwood wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.   Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.   *See* TEX. R. APP. P. 68.2.   Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals.   *See id.* R. 68.3.   Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure.   *See id.* R. 68.4.